UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT WORTMANN,

                    Plaintiff,                    Civil Case No. 13-14350
                                                        Honorable Linda V. Parker

v.

ANN ARBOR PUBLIC SCHOOLS,
PCMI, PATRICIA P. GREEN,
DOTTIE DAVIS, CORY
GILDERSLEEVE, and
DAVID COMSA [1],

                    Defendants.
_____/

**OPINION AND ORDER DENYING [ECF NO. 21] MOTION TO DISMISS
AND GRANTING [ECF NO. 33] MOTION TO DISMISS**

      In the case at hand, Plaintiff Vincent Wortmann ("Plaintiff") brings this

lawsuit against Defendants Ann Arbor Public Schools, Patricia P. Green, Dottie

Davis, Cory Gildersleeve, David Comsa, and Professional Contract Management,

Inc. ("PCMI") (collectively "Defendants"). Plaintiff's state law claims were

dismissed voluntarily pursuant to Federal Rule of Civil Procedure 41(a)(2).

Plaintiff's sole federal law claim, brought pursuant to 42 U.S.C. § 1983, alleging

deprivation of his 14th Amendment liberty interest in his reputation and good name,

_____

[1] Defendant David Cosma indicates that his surname is Comsa. This opinion
reflects the correction and the Court is therefore sua sponte amending the case
caption and is directing the Clerk of the Court to make the change on the docket as
well.

remains. For reasons that follow, the Court **DENIES** the motion to dismiss filed by Ann Arbor Public Schools, Patricia P. Green, Dottie Davis, Cory Gildersleeve, and David Comsa (ECF No. 21) and **GRANTS** Defendant PCMI's motion to dismiss (ECF No. 33). Although Defendants have filed their motions as "motions to dismiss or, alternatively for summary judgment," the Court is only considering their requests for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), because Plaintiff has responded to the requests for summary judgment indicating that it needs discovery in order to respond.

## I.

This matter arises from an altercation that took place during a high school football game on October 12, 2012 between Pioneer High School and Huron High School. (Compl., ECF No. 1 at Pg. ID 3.) Both schools are within the Ann Arbor Public School District. (*Id.*) Defendants Patricia P. Green, Dottie Davis, Cory Gildersleeve, and David Comsa are employees of Defendant Ann Arbor Public Schools. (*Id.* at Pg. ID 2–10.) At the time of the incident, Plaintiff was an employee of PCMI. (*Id.*) PCMI is a privately owned staffing agency that specializes in providing employees, including athletic coaches, to public and private educational institutions. (Def.'s Mot., ECF No. 33 at Pg. ID 468.) Ann Arbor Public Schools contracted with PCMI, and PCMI subsequently assigned Plaintiff to the position of assistant football coach of Pioneer High School. (*Id.*;

Compl., ECF No. 1 at Pg. ID 3.) Allegedly, at the end of the football game at issue, Paul Test and Cory Gildersleeve, head coaches of Pioneer High School and Huron High School respectively, became involved in a heated and angry physical dispute. (Compl., ECF No. 1 at Pg. ID 4–5.) Plaintiff asserts he was concerned for the safety of Test, and that "Plaintiff pushed Gildersleeve, once, to separate him from Test." (*Id.* at Pg. ID 5-6.)  Simultaneously, while this exchange between the coaches was occurring, on-field brawling commenced between the players for both schools. (*Id.* at Pg. ID 5.) Game officials, coaches, Ann Arbor Public School staff, including Defendant Davis, worked to stop the on-field brawling. (*Id.* at Pg. ID 6; Def.'s Mot., ECF No. 33 at Pg. ID 467.)

Following the altercation, Ann Arbor Public School officials conducted an investigation of the evening in order to determine what occurred and to consider disciplinary action. (Compl., ECF No. 1 at Pg. ID 6.) Plaintiff asserts that during the investigation, Defendant Davis "falsely accused Plaintiff of pushing or striking her during the brawl," and that he was suspended "as a direct result" of Davis' knowingly false statement." (*Id.* at Pg. ID 6–7.) Supposedly, as the investigation continued, Defendant Davis continued to allege that Plaintiff pushed or struck her. (*Id.* at Pg. ID 7.) Thereafter, "[Ann Arbor Public Schools] terminated Plaintiff's assignment as assistant coach." (*Id.*) In his complaint, Plaintiff states that "[t]he investigation of the incident and the decision to suspend and terminate Plaintiff

3

was made by officials of AAPS, and only afterwards communicated to PCMI."

(*Id.*) Defendant asserts that PCMI terminated Plaintiff's employment for "alleged

lack of work." (*Id.* at 10.) PCMI claims it never terminated Plaintiff's employment,

and that to this date Plaintiff is still employed by PCMI. (Def.'s Mot., ECF No. 33

at Pg. ID 468.)

Plaintiff purports that Plaintiff's suspension was communicated to the public

and the media by Ann Arbor Public Schools, as well as a statement posted on the

Ann Arbor Public School website by Defendant Patricia P. Green. Allegedly,

Defendant Green's statement indicated that "an assistant coach, referring to

Plaintiff, had been terminated for becoming physical during a verbal altercation

between two head coaches," and that "the players' fighting occurred following

Plaintiff's actions." (Compl., ECF No. 1 at Pg. ID 7–8.)

Plaintiff further asserts that Ann Arbor Public School officials, including

Defendants Davis and Green, knew at the time the statements were made and

posted on the Ann Arbor Public School website, that Green's post was untruthful.

(*Id.* at Pg. ID 8.) Additionally, Plaintiff asserts that during the course of the

independent investigation conducted by local law enforcement officials, Defendant

Davis "admitted that she had no knowledge of Plaintiff making physical contact

with her," and that despite this admission, Ann Arbor Public Schools did not

retract Plaintiff's suspension, termination, or prior statements made concerning Plaintiff's purported conduct. (*Id.* at Pg. ID 9.)

Plaintiff asserts that following his termination, he contacted Ann Arbor Public Schools and David Comsa, and "requested an opportunity [ ] to present his side of the story, hear the alleged evidence against him, and to clear his name," and that his request was denied. He claims that he also requested a similar hearing from PCMI, and that they denied his request as well. (*Id.* at 10.)

Thereafter, Plaintiff filed his lawsuit. Subsequently, Defendant Ann Arbor Public Schools and its employees Green, Davis, Gildersleeve, and Comsa, filed their motion to dismiss. (ECF No. 21.) Later, Defendant PCMI filed its own motion to dismiss (ECF No. 33.)

## II.

Only a complaint that states a plausible claim for relief survives a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Courts must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012). Further, the complaint must plead factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (2009). A complaint does not "suffice if it tenders 'naked assertions' devoid of

'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Twombly*, 550 U.S. at 555.

The Sixth Circuit has emphasized that the "combined effect of *Twombly* and *Iqbal* [is to] require [a] plaintiff to have greater knowledge ... of factual details in order to draft a 'plausible complaint.' " *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (citation omitted). Put another way, complaints must contain "plausible statements as to when, where, in what, or by whom," *Center for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 373 (6th Cir. 2011), in order to avoid merely pleading an "unadorned, the-defendant-unlawfully-harmed me accusation," *Iqbal*, 556 U.S. at 678.

### III.

"In order to recover under 42 U.S.C. § 1983, a plaintiff must prove both (i) that some person has deprived him of a federal right, and (ii) that the person has done so under color of state law." *Kolley v. Adult Protective Servs.*, 786 F. Supp. 2d 1277, 1303 (E.D. Mich. 2011) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)).

To prevail on a procedural due process claim, a Defendant must establish that it possessed a constitutionally protected interest, that it was deprived of that interest, and that the state did not afford it adequate procedural rights prior to depriving it of that interest. *Machisa v. Columbus City Bd. of Educ.*, 563 F. App'x 458, 462 (6th Cir. 2014) (citing Taylor Acquisitions, L.L.C. v. City of *Taylor*, 313 Fed. Appx. 826, 830 (6th Cir.2009)). "An injury to a person's reputation, good name, honor, or integrity constitutes the deprivation of a liberty interest when the injury occurs in connection with an employee's termination." *Ludwig v. Bd. Of Trs. Of Ferris State Univ.*, 123 F.3d 404, 410 (6th Cir. 1997).

## IV.

Defendants Ann Arbor Public Schools, and its employees Green, Davis, Gildersleeve, and Comsa, assert that Plaintiff fails to state a claim under § 1983. They argue that:

> Plaintiff cannot bring suit under 42 U.S.C. § 1983 because they are not Plaintiff's employer. He also cannot rely on 42 U.S.C. 1983 because his actual employer, PCMI, is a private employer, not a state actor to which the statute applies.

> Moreover, Plaintiff as an employee of a private temporary employment service, PCMI, has no liberty interest in his employment

(Defs.' Mot., ECF No. 21 at Pg. ID 119–20.)

Defendants fail to provide any direct case law supporting their assertions. Undoubtedly, public schools themselves are state actors subject to suit under §

7

1983, and public school officials act within the scope of their duties when they represent their institutions. *See Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 297, 299 (2001). Thus, Plaintiff has adequately proven that Ann Arbor Public Schools and its employees were acting under color of state law.

Further, Plaintiff asserts that Ann Arbor Public Schools and its employees through their conduct deprived him of "[the] constitutionally protected liberty interest in his reputation, good name, honor, and integrity," in violation of the 14th Amendment. (Compl., ECF No. 1 at Pg. ID 11.) Plaintiff provides sufficient factual content that allows the Court to draw the reasonable inference that Plaintiff has suffered an injury to his reputation, good name, honor, or integrity resulting from Ann Arbor Public Schools and its employees' conduct, in connection with his termination from his position as assistant coach.

In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to Plaintiffs and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). The stigmatizing statements made by Defendants Davis and Green were undoubtedly made in conjunction with Plaintiff's termination. Further, a motion to dismiss under Rule 12(b)(6) is disfavored and rarely granted, *Nuchols v. Berrong*, 141 F. App'x 451, 453 (6th Cir. 2005) (citing

*Harris v. Am. Postal Workers Union*, 198 F.3d 245 (6th Cir.1999)) (further citations omitted), and the Court is not convinced at this stage of the proceedings that Ann Arbor Public Schools and its employees cannot be liable for violating Plaintiff's liberty interest simply because it "employed" Plaintiff through a staffing agreement with Defendant PCMI, a privately owned staffing agency. Accordingly, Plaintiff has sufficiently alleged that under the color of state law, Ann Arbor Public Schools and its employees have deprived him of his liberty interest without due process. Defendants Ann Arbor Public Schools and its employees' motion to dismiss Plaintiff's § 1983 claim must therefore be denied.

## V.

In its motion to dismiss, Defendant PCMI contends that Plaintiff has failed to adequately plead the § 1983 claim against PCMI. The Court agrees. Plaintiff concedes that PCMI is a "corporation under the laws of the State of Michigan." (Compl., ECF No. 1 at Pg. ID 2.) As previously stated, Defendant PCMI is a privately owned staffing agency. (Def.'s Mot., ECF No. 33 at Pg. ID 468.)

As the Sixth Circuit recognized in *American Postal Workers Union v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004), there are three tests for holding a private individual or entity liable under § 1983:

> the public function test, the state compulsion test, and the nexus test. *Wolotsky v. Huhn*, 960 F.2d 1331 (6th Cir.1992). The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state." *Id.* at 1335. The state

compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. *Id.* Finally, the nexus test requires a sufficiently close relationship between the state and the private actor so that the action taken may be attributed to the state. *Id.*

*Am. Postal Workers Union*, 361 F.3d at 905 (6th Cir. 2004).

Plaintiff concedes that "[t]he investigation of the incident and the decision to suspend and terminate Plaintiff was made by officials of AAPS, and only afterwards communicated to PCMI." (Compl., ECF No. 1 at Pg. ID 7.) Thus, it is blatantly apparent that PCMI cannot be held liable under the public function test, the state compulsion test, nor the nexus test given that the decisions at issue were made solely by Ann Arbor Public Schools and its employees. The complaint therefore lacks facts sufficient to hold PCMI liable under § 1983

In support of its § 1983 claim against PCMI, Plaintiff states that PCMI is a "state actor," and that Plaintiff enjoys a constitutionally protected liberty interest protected by the 14th Amendment. (*Id.* at Pg. ID 11.)  These are general legal conclusions. As previously stated, a complaint must contain more than labels and conclusions to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Without adequate factual allegations to support each element of the claim raised, a plaintiff fails to plead factual content that allows a court to draw a reasonable inference that a defendant is liable for the misconduct alleged. *See id.*; *Iqbal*, 556 U.S. at 678 (2009). Consequently, Plaintiff's § 1983 claim must be dismissed.

10

Accordingly, for the foregoing reasons, the Court **DENIES** Defendants Ann Arbor Public Schools, Patricia P. Green, Dottie Davis, Cory Gildersleeve, and David Comsa's motion to dismiss (ECF No. 21) and **GRANTS** Defendant PCMI's motion to dismiss. (ECF No. 33.)

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 13, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 13, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager

11