UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT WORTMANN,

        Plaintiff,                       Civil Case No. 13-14350
                                                 Honorable Linda V. Parker

v.

ANN ARBOR PUBLIC SCHOOLS,
et. al,

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 63]

Plaintiff Vincent Wortmann ("Plaintiff") brings this 42 U.S.C. § 1983 lawsuit against Defendants, alleging deprivation of his Fourteenth Amendment liberty interest in his reputation and good name.[1] This Court previously issued an Opinion and Order denying a motion to dismiss filed by Defendants Ann Arbor Public Schools, Patricia P. Green, Dottie Davis, Cory Gildersleeve, and David Comsa and granting Defendant Professional Contract Management, Inc.'s motion to dismiss. (ECF No. 49.) That Opinion and Order involved the same facts and legal claim at issue in the motion for summary judgment currently before the Court, brought pursuant to Federal Rule of Civil Procedure 56 by Defendants Ann Arbor

---

[1] In his Complaint, Plaintiff alleged state law claims, as well, which subsequently were voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 47.)

Public Schools, Patricia Green, Dottie Davis, Corey Gildersleeve, and David Comsa (collectively "Defendants").[2] (ECF No. 63.) The Court will not reiterate the factual background information set forth in its prior opinion, except as necessary to resolve the summary judgment motion. For reasons to follow, the Court is granting Defendants' summary judgment motion.

**I.     Summary Judgment Standard**

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a

---

[2] The parties subsequently stipulated to an order dismissing Defendant Gildersleeve from this action. (ECF No. 71.)

genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

## II.     Background & Argument

This action arises from Defendants' actions in connection with Plaintiff's suspension and termination from his position as an assistant football coach at Pioneer High School. Specifically, Plaintiff takes issue with the following excerpt of a written statement issued by the Superintendent of Ann Arbor Public Schools, Defendant Patricia Green, subsequent to the altercation at issue:

> The Ann Arbor Public Schools has completed the initial phase of the investigation concerning the incident surrounding the football game between Ann Arbor Huron High School and Ann Arbor Pioneer High School on Friday, October 12, 2012. This unfortunate incident started

> when a verbal confrontation began between the two head coaches during the late phases of the game. The ensuing heated conversation carried on after the game when the coaches met mid-field. An assistant coach from Pioneer became involved in the verbal altercation between the head coaches and reacted in an aggressive and physical manner, allegedly pushing the Huron head coach. This assistant coach has been released from his coaching duties at AAPS and is not on staff with AAPS in any other capacity. This type of behavior will not be tolerated.

(ECF No. 63-9 at Pg. ID 844.)

Plaintiff asserts that Defendant Green's statement was knowingly false because Defendant Green, as well as other school officials, knew the head coach from Huron High School pushed the head coach from Pioneer High School, and that Plaintiff therefore intervened in a verbal and physical altercation, rather than solely a verbal altercation. (Compl., ECF No. 1 at Pg. ID 8; Pl.'s Resp. Br., ECF No. 66 at Pg. ID 926.) Plaintiff further asserts that because Defendant Green's statement included this purportedly inaccurate factual allegation, the publication of the statement concerning his termination was false and amounted to a deprivation of a liberty interest without due process of law, given that he did not receive a name clearing hearing following his termination. (Compl., ECF No. 1 at Pg. ID 11.) Defendants argue that Plaintiff's claim "lacks any factual or legal basis and therefore should be dismissed." (Def.'s Mot., ECF No. 63 at Pg. ID 709.)

**III. Applicable Law and Analysis**

"The Fourteenth Amendment forbids state actors from depriving individuals of life, liberty or property without due process of law." *Quinn v. Shirey*, 293 F.3d 315, 319 (6th Cir. 2002) (citations omitted). " 'A person's reputation, good name, honor, and integrity are among the liberty interests protected by the due process clause of the fourteenth amendment.' " *Id*. (brackets omitted) (quoting *Chilingirian v. Boris*, 882 F.2d 200, 205 (6th Cir. 1989)). However, as the Sixth Circuit has explained, defamation alone will not invoke due process concerns. *Id*. (citing *Paul v. Davis*, 424 U.S. 693, 711-12 (1976)). "Some alteration of a right or status 'previously recognized by state law,' such as employment, must accompany the damage to reputation." *Id*.; *see also Ferencz v. Hairston*, 119 F.3d 1244, 1249 (6th Cir. 1997) (holding that publication of defamatory comments did not deny the plaintiff of a liberty interest since publication was not accompanied by the deprivation of any tangible interest such as continued employment). Thus due process concerns may be implicated when a defendant makes a voluntary, public dissemination of false information about the plaintiff in the course of the defendant's decision to terminate the plaintiff's employment. *Quinn*, 293 F.3d at 319-20 (citations omitted). In such a case, due process guarantees the plaintiff the opportunity to clear his or her name. *Id*. at 320.

The Sixth Circuit has identified five factors a plaintiff must establish to show that he was deprived of a liberty interest in his good name or reputation and

5

was entitled to a "name-clearing" hearing. *Id.* (citing *Brown v. City of Niota*, 214 F.3d 718, 722-23 (6th Cir. 2000) (citing *Ludwig v. Bd. of Trustees*, 123 F.3d 404, 410 (6th Cir. 1997)).

> First, the stigmatizing statements must be made in conjunction with the plaintiff's termination from employment. Second, a plaintiff is not deprived of his liberty interest when the employer has alleged merely improper or inadequate performance, incompetence, neglect of duty or malfeasance. Third, the stigmatizing statements or charges must be made public. Fourth, the plaintiff must claim that the charges made against him were false. Lastly, the public dissemination must have been voluntary.

*Id.* (ellipsis removed). With respect to the second factor, the Sixth Circuit explained in *Ludwig*:

> "A charge that merely makes a plaintiff less attractive to other employers but leaves open a definite range of opportunity does not constitute a liberty deprivation." *Chilingirian*, 882 F.2d at 205-06 n. 8. Rather, to implicate the Due Process Clause, the employer must have made a statement in the course of the employee's discharge "that might seriously damage his standing and associations in his community" or that might impose "on him a stigma or other disability *that [would] foreclose[ ]* his freedom to take advantage of other employment opportunities." *Roth*, 408 U.S. at 573, 92 S.Ct. at 2707.

*Ludwig*, 123 F.3d at 410 (brackets in original, emphasis added.) If the plaintiff satisfies all five factors, " 'he is entitled to a name-clearing hearing if he requests one.' " *Quinn*, 293 F.3d at 320 (quoting *Brown*, 214 F.3d at 723).

Relying on *Board of Regents v. Roth*, Plaintiff essentially alleges that Defendant Green's stigmatizing statement foreclosed his freedom to take advantage of other employment opportunities. 408 U.S. 564, 574 (1972).

6

Specifically, Plaintiff asserts that he was foreclosed from assignment to positions in the District and its three high schools. He alleges that "[Pioneer Athletic Director Eve] Claar made clear that he was to have no further contact with the District – a position the District has never altered." (ECF No.66 at Pg ID 930.) There is no evidence in the record– and notably a lack of supporting citations in Plaintiff's response to the instant motion– to support Plaintiff's claim that Claar gave such a directive.

Plaintiff further alleges that when Coach Harrison, another coach at Pioneer High School, was approached to become a defensive coordinator at other area schools, Harrison expressed his interest in bringing Plaintiff along as an assistant coach. (*Id.*) According to Plaintiff, Harrison was advised in each instance that he would not be permitted to do so. (*Id.*)

Even assuming that either of Plaintiff's assertions is true, neither scenario approaches the level of foreclosing Plaintiff's freedom to take advantage of other employment opportunities as contemplated by case law. The Sixth Circuit has held that "the loss of one job and certain future opportunities does not constitute deprivation of a protected liberty interest. … [I]t is only where the defendant's action effectively precludes the plaintiff from practicing his trade with all employers or customers that the plaintiff's liberty interest in pursuing his occupation is infringed. *Jackson v. Heh*, No. 98-4420, 2000 WL 761807, at *4 (6th

7

Cir. 2000); *see also Chilingiriam*, 882 F.2d at 205 n.8 (citation omitted) ("A charge that merely makes a plaintiff less attractive to other employers but leaves open a definite range of opportunity does not constitute a liberty deprivation.").

Plaintiff offers no evidence to show that the alleged stigmatizing statement resulted in the refusal of public school employers to allow Coach Harrison to bring Plaintiff in as an assistant coach. Nor does Plaintiff show that the statement foreclosed a range of coaching opportunities. More importantly, Plaintiff submits no evidence showing that he initiated any employment search efforts *on his own behalf* or that any such efforts have been foreclosed because of the stigmatizing statement. Accordingly, Plaintiff has failed to meet the evidentiary showing required to demonstrate his Fourteenth Amendment claim.

Given that the failure of any one of the five *Ludwig* factors precludes the advancement of Plaintiff's claim, the Court finds it unnecessary to engage in further analysis.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment is **GRANTED**. (ECF No. 63.)

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: September 29, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 29, 2016, by electronic and/or U.S. First Class mail.

                                                          s/ Richard Loury
                                                          Case Manager